UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA WILLIAMS, | **Case No. 1:14-cv-01135-LJO-SKO** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| v. | |
| | (Doc. No. 1) |
| MADERA SUPERIOR COURT, SIERRA JUSTIC COURT, BRUCE F. KENNEDY, RICHARD E. HUBER, and NANCY STAGGS, | **OBJECTIONS DUE: 28 DAYS** |
| Defendants. | |

## I. INTRODUCTION

On July 21, 2014, Plaintiff Lana Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendants Madera Superior Court, Sierra Justice Court, Bruce F. Kennedy, Richard E. Huber, and Nancy Staggs ("Defendants"). (Doc. 1.) For the reasons set forth below, the Court RECOMMENDS that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II. SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of

poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. PLAINTIFF'S COMPLAINT

Plaintiff filed this action for damages and injunctive relief on behalf of herself against a number of individual and governmental defendants. (Doc. 1, 1-3.) So far as can be discerned from the complaint, Plaintiff was an interested party in the Estate of Noble L. Tiller (the "Estate"), which entered probate in Madera County Superior Court nearly a decade ago. (Doc. 1, 2-3.) Under the supervision of the state probate court and a court-appointed probate referee, over the course of some eight years, the contents and proceeds of the Estate were sold off, debts were paid, and the remainder was ordered divided amongst the heirs. (Doc. 1, 2-3.)

At various times during the eight years that the probate case was pending before the state court, Plaintiff filed motions and objected to several of the state court's orders: the court denied Plaintiff's request for change of venue, ordered certain parcels of land to be sold at prices Plaintiff believed to be "under market value," denied Plaintiff access to one of the parcels "for viewing,"

and denied Plaintiff's request for an itemized accounting list of costs charged to the estate.  (Doc. 1, 2-3.)

The complaint also alleges legal malpractice and fraud were committed by two California attorneys involved with the underlying probate case.  Plaintiff alleges Defendant Kennedy "sold properties under market value[,]" failed to comply procedurally by filing his fees and presenting a check to the Plaintiff, and unnecessarily prolonged the probate proceedings.  (Doc. 1, 2.)  Plaintiff also alleges Defendant Huber, who appears to have served as the court-appointed probate referee, mismanaged or abused Estate assets by transferring funds without a court order, failed to register certain vehicles and thereby incurred penalties against the Estate, and at some point committed some form of tax fraud.  (Doc. 1, 2-3.)

Plaintiff alleges that the interim orders and ultimate disposition of the state probate case harmed her interests, and claims damages of $5 million for "property" and $5 million for her pain and suffering and to serve as punitive damages against the Defendants.  (Doc. 1, 3.)  Plaintiff also seeks in monetary damages an unknown "filed default amount" against "Sierra Justice" and "Judge Allen – Madera[.]"  (Doc. 1, 3.)

Plaintiff also requests injunctive relief.  She alleges that "incriminating" documents in the possession of the state court are to be destroyed by the court without her consent, and asks that they be preserved from routine destruction.[1]  (Doc. 1, 1.)  Plaintiff also asks that the continued sale or development of any parcels considered part of the Estate be enjoined, to comply with an unnamed and uncited ruling by "the U.S. Supreme Court at San Francisco" allegedly ordering "the agencies shut down and all properties returned to the estates (*sic*)[.]"  (Doc. 1, 2.)  She finally requests that this Court – after invalidating the sales already made – order the state court to only permit "court appraisers" to appraise the parcels being sold as part of the Estate. (Doc. 1, 3.)

//

//

---

[1] This particular claim appears to be moot, as Plaintiff apparently requested the state court preserve these documents on July 21, 2014, until she could retrieve them. (Doc. 1, 6-8.)  The state court's notice made it clear that it was Plaintiff's duty to arrange for retrieval of any documents associated with the closed case file by a particular deadline. (Doc. 1, 7-8.)  Even if this Court possessed jurisdiction to hear this claim for injunctive relief, the issue is moot.

3

## IV.   DISCUSSION

**A.   Plaintiff's Complaint Should Be Dismissed**

### 1.   Plaintiff's Claims for Relief from the Probate Court's Determinations Have Been Previously Dismissed With Prejudice For Lack of Jurisdiction

To the extent Plaintiff is again seeking an accounting of her inheritance and/or the Estate, Plaintiff has been repeatedly informed that such claims are not within the jurisdiction of the federal courts.

In 2004, Plaintiff filed *Williams v. Madera Municipal Court, et al.*, 1:04-cv-5414-OWW-LJO, requesting the Estate probate action be removed to federal court, alleging state claims for legal malpractice and fraud, personal injury, defamation, and elder abuse, and demanding this Court order her inheritance paid to her.  The complaint was filed against the Madera Municipal Court and Judge Thomas L. Bender, though it mentioned several other judges and individuals. The complaint was dismissed with prejudice, because the defendants were shielded by Eleventh Amendment immunity and the Court lacked jurisdiction over state probate matters.

In 2007, Plaintiff filed a case almost identical to the one currently before this Court, *Williams, et al. v. Moffat, et al.*, 1:07-cv-953-OWW-TAG, naming Judge Edward P. Moffat and Trustees Bruce F. Kennedy, Richard E. Huber, and Mitchell Rigby.  Plaintiff alleged the state judge, administrators, trustees, and attorneys had deprived her of her expected inheritance from the Estate, denied her request for an itemized list of the Estate's assets, and failed to properly marshal, account for, or distribute the Estate's assets.  The amended complaint was dismissed with prejudice and further amendment was denied because the defendants were shielded by Eleventh Amendment immunity and the Court lacked jurisdiction over state probate matters and state law claims for malpractice, fraud, and libel.  Plaintiff appealed to the Ninth Circuit, but the appeal was dismissed due to Plaintiff's failure to prosecute and to pay the court fees as ordered.

Finally, in 2009, Plaintiff filed *Williams v. State of California*, 1:09-cv-01675-OWW-DLB, alleging fraud in the accounting and dissolution of the Estate.  In her objections to the Magistrate Judge's findings and recommendation that her complaint be dismissed without leave to amend, Plaintiff named additional defendants "Federal Government, President Obama, State of California,

4

Governor Schwarzeneggar (*sic*), Controller John Chiang, Edmund G. Brown, [and the] Internal Revenue Service." Construing her objections as an amendment to her complaint, the Court allowed Plaintiff to file an amended complaint in which she demanded a check plus interest in excess of $900 million, and an accounting of her inheritance and of the Estate. After reminding Plaintiff that it lacked jurisdiction over state probate matters, the Court dismissed her amended complaint with prejudice for failure to state a claim. Plaintiff appealed to the Ninth Circuit, which summarily affirmed the district court's judgment.

This is Plaintiff's *fourth* attempt to overturn the state court's handling of her father's estate -- a matter over which this Court has no jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 298-99 (2006) (state probate courts have sole exclusive jurisdiction over the probate or annulment of a will and the administration of a decedent's estate); *Harris v. Zion's Bank Co.*, 317 U.S. 447, 450 (1943) (the settlement, inheritance, and distribution of estates are peculiarly state law matters, and federal courts lack probate jurisdiction to hear them, *even* when there is complete diversity between the parties).

**2.  This Court Lacks Jurisdiction to Review the Underlying Judicial Determinations of the State Court, or to Declare the State Court's Orders Unenforceable.**

Even if Plaintiff's claims regarding the probate proceedings were not exclusively within the province of the state court and were not otherwise barred under the doctrine of claim preclusion, the Court has no jurisdiction over collateral attacks on state court judgments.

Liberally construed, Plaintiff's complaint alleges that she was detrimentally affected by the final orders and judgments of the state probate court, including orders issued at various points by several judges of the Madera and Sierra Courthouses and actions undertaken by the court-appointed probate referee during the dissolution of the Estate. (Doc. 1, 1-3.) Plaintiff's complaint seeks to vacate the decrees and judgments of the state court, and to re-adjudicate the probate of the Estate to Plaintiff's satisfaction. As Plaintiff has been instructed many times, this Court can do neither.

///

It is well-settled that federal district courts lack "subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). This Court is one of limited jurisdiction; the district courts of the United States are *not* courts of appeals for state-court decisions and *may not* directly review the decrees and judgments of a state court. *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (district court lacks subject matter jurisdiction where federal plaintiff "essentially asked the federal court to review the 'state court's denial in a judicial proceeding'" of his constitutional claim); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2000) ("…district courts lack power to hear direct appeals from state court decisions[ and] they must decline jurisdiction whenever they are in essence being called upon to review the state court decision."); *Allah v. Superior Court*, 871 F.2d 887, 891 (9th Cir. 1989) (district court lacks subject matter jurisdiction where federal plaintiff "requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case[.]"); *Worldwide Church of God v. McNair*, 805 F.3d 888, 892-93 (9th Cir. 1986) (district court lacks subject matter jurisdiction over *de facto* appeal where federal plaintiffs sought to directly challenge the correctness of a state court decision).

Federal district courts are absolutely barred from hearing a case where a plaintiff dissatisfied by the ruling of a state court – whether erroneous or not – brings suit in federal district court "and seeks to vacate or set aside the judgment of that court[.]" *Noel*, 341 F.3d at 1156. Only claims for injuries alleged to have been caused by a state court's decree or judgment are barred under this doctrine; if the federal plaintiff claims injury as the result of "an allegedly illegal act or omission by an adverse party," her claim is not barred. *Id.* at 1164; *see also Arroyo ex rel. Arroyo-Garcia v. County of Fresno*, No. C 07-1443-AWI, 2008 WL 540653, at *5 (E.D. Cal. Feb.

25, 2008) ("At the core of the forbidden de facto appeal is an allegation of an erroneous *ruling by the state court* that leads to the withholding of a benefit from, or imposes a detriment on the federal plaintiff, or in some other way causes harm to the federal plaintiff.") (emphasis added). This Court is charged to determine whether the injuries Plaintiff claims were caused by an adverse party or a state court's adverse ruling. If the former, this Court is not barred from hearing her claims; if the latter, this Court must dismiss her claims. *Noel*, 341 F.3d at 1163-64.

The wrongs Plaintiff alleges were committed against her are inarguably injuries caused by the final decrees and judgments of the state court in the underlying probate action. Plaintiff alleges that her interests were harmed by the *state court's* denial of her request for change of venue, order for certain parcels of land to be sold at prices she believed to be "under market value," and denial of her request for an itemized list of accounting costs to the Estate. (Doc. 1, 2-3.) The claims for damages and injunctive relief sought in the complaint flow from and attempt to remedy the harms Plaintiff believes resulted from the final orders and judgments of the state court, *not* from actions by an adverse party.

Plaintiff's complaint seeks review of a state court decision, and this Court has no discretion to hear her claims. *See Noel*, 341 F.3d at 1156. Even if Plaintiff's claims were not construed as de facto appeals of the state court's decisions, probate matters fall within the exclusive jurisdiction of the state court. *Marshall*, 547 U.S. at 298-99, 311-12. Though disappointed by the probate proceedings in the Madera County Superior Court, Plaintiff is absolutely barred from seeking reversal of the state court's final orders and decisions in this Court.

**3.   There is No Separate Due Process Claim Conferring Jurisdiction Over Plaintiff's Claims.**

To the extent Plaintiff is alleging a violation of her constitutional rights by Defendants, courts must "look[ ] to the essence of the action, not to how the Plaintiff chooses to frame the action." *Arroyo,* 2008 WL 540653 at *6 (citing *Feldman*, 460 U.S. at 483 (federal constitutional claims are "inextricably intertwined" with a state court's judicial proceedings where district court is, in essence, being asked to review the state court's decision)). "[A] losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United

States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also Jensen v. Foley*, 295 F.3d 745, 747-48 (7th Cir. 2002) (just as a federal plaintiff is barred from seeking review of a state court's decision in federal district court, she is barred "from bringing a § 1983 suit to remedy an injury *inflicted by* the state court's decision….").

Plaintiff's complaint clearly seeks "to vacate the state courts' judgments and decrees and substitute in their place this court's judgments and decrees," *Arroyo*, 2008 WL 540653 at *6, leading to the inescapable conclusion that this action is *not* a civil rights action but is really a *de facto* appeal from the final judgment of a state court. As discussed above, this Court is expressly prohibited from reviewing the final judgment of a state court.

This Court absolutely lacks jurisdiction to review the underlying state court action, and there is no separate federal claim providing a basis for subject matter jurisdiction. An attempt at amendment is futile, because there is no conceivable set of facts Plaintiff could allege in an amended complaint to invoke this Court's jurisdiction. This Court should dismiss Plaintiff's claims for damages and injunctive relief as to the probate court decrees and judgment, with prejudice.

**4.     This Court Lacks Jurisdiction Over Plaintiff's Other State Claims**

Although Plaintiff's claims for malpractice and fraud against the attorney Defendants are arguably not barred as "inextricably intertwined" with the unreviewable state court action, this Court lacks jurisdiction to hear them all the same. To be within this Court's subject matter jurisdiction, Plaintiff's complaint must either arise under federal law or diversity jurisdiction requirements must be met. 28 U.S.C. §§ 1331 and 1332. Here, Plaintiff's state law claims for malpractice and fraud do not arise under federal law; thus, jurisdiction hinges on complete diversity between the parties.

Under 28 U.S.C. § 1332, federal district courts maintain original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 *and* is between "citizens of a State and citizens or subjects of a foreign state." Here, Plaintiff alleges an amount in controversy of over $10 million, which exceeds the $75,000 threshold. (Doc. 1, p. 3.) While Plaintiff's complaint

provides no facts or calculations establishing how she arrived at the $10 million demand or explaining what proportion of this amount is attributable to any individual defendant, *see Campbell v. Vitran Express, Inc.,* No. C 10-04442-RGK-SHX, 2010 WL 4971944, at *3 (C.D.Cal. Aug.16, 2010) (estimates by a party cannot be based on calculations that are "devoid of any concrete evidence…"), the more critical defect is that Plaintiff's complaint fails to establish diversity of citizenship between the parties.

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010). Plaintiff is a citizen of California, and it is clear from the complaint that the named Defendants are all either governmental entities of the State of California, judicial officers of the California Superior Court of Madera County, or attorneys residing in Madera County, California.[2] (Doc. 1, 1-3.) As all named Defendants are California entities or residents, and Plaintiff is also domiciled in California, this Court lacks diversity jurisdiction over this matter.

**B.     Leave to Amend Should Not Be Granted**

Plaintiff's complaint is essentially a *de facto* appeal from the judgments or decrees of a state court, and this court is absolutely barred from sitting as a court of appeals to a state probate action. No additional set of facts can invoke this Court's jurisdiction over Plaintiff's claims for damages and for injunctive relief to remedy harms caused by the judgments and decrees of the probate court.

///

---

[2]  Because the allegations of the complaint are not entirely clear, the Court dispenses with an exhaustive analysis of the immunity to which several Defendants would likely be entitled. Plaintiff's claims for damages against the Madera Superior Court and the Sierra Justice Court are barred by the Eleventh Amendment. *See, e.g., Simmons v. Sacramento County Superior* Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."). Plaintiff also makes allegations against Judge Charles Wieland, Nancy Staggs, and probate examiner Richard Huber involving decisions and valuations made during the probate proceedings. These Defendants are likewise shielded by judicial or quasi-judicial immunity and "insulated…from vexatious prosecut[ion] by disgruntled litigants." *See Forrester v. White*, 484 U.S. 219, 225 (citing *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)); *see also CMLS Management, Inc. v. Fresno County Superior Court*, No. C 11-1756 AWI SKO, 2012 WL 2931407, at *4 (July 18, 2012) ("Judicial immunity applies when the conduct at issue is judicial in nature and is performed in the clear absence of all jurisdiction. Here, the orders at issue are judicial acts. Further, the acts as alleged amount to an abuse of the power to issue orders. They do not reflect the absence of all jurisdiction. Thus, the judges are entitled to judicial immunity.").

As to the remaining claims, there is no diversity jurisdiction over the complaint because all named parties to this action are entities or individuals domiciled in the same state. No additional set of facts can establish complete diversity between the parties.

Regardless of whether Plaintiff has in fact been injured or harmed by the state court action or conduct of the attorney defendants, there is no possible set of facts that Plaintiff could present to this Court to cure the defects of her complaint and provide this Court with some basis for subject matter jurisdiction.  For the above reasons, Plaintiff's claims should be dismissed with prejudice and without leave to amend.

## V.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *See, e.g., Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 3, 2014**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE